# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 6, 2020

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| JESSICA RAYMER, * | |
| * | No. 18-794V |
| Petitioner, * | |
| * | Special Master Dorsey |
| v. * | |
| * | Petitioner's Motion for Decision Dismissing |
| SECRETARY OF HEALTH * | Her Petition; Human Papillomavirus |
| AND HUMAN SERVICES, * | ("HPV") Vaccine; Postural Orthostatic |
| * | Tachycardia Syndrome ("POTS"); Chronic |
| Respondent. * | Fatigue Syndrome; Median Arcuate |
| * | Ligament Syndrome ("MALS"); Joint |
| * | Hypermobility. |
| * * * * * * * * * * * * * * * * * * | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On June 5, 2018, Jessica Raymer[2] ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[3] alleging that as a

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The petition was originally filed by Jessica Raymer's mother, Lynann Raymer, on behalf of her minor child, J.R. Petition at 1. Jessica Raymer reached the age of majority on September 9, 2018, and on December 11, 2018, the Court granted petitioner's motion to amend the case caption to reflect Jessica Raymer as the proper petitioner. Order dated Dec. 11, 2018 (ECF No. 16).

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

result of the human papillomavirus ("HPV") vaccination administered on June 22, 2015, she suffered postural orthostatic tachycardia syndrome ("POTS"), chronic fatigue syndrome, median arcuate ligament syndrome ("MALS"), and joint hypermobility.  Petition at 1, 5.  The information in the record, however, does not show entitlement to an award under the Program.

On July 3, 2020, petitioner moved for a decision dismissing her case, stating that "she would like to opt out of the Vaccine Program . . . to pursue a third party action in district court against Merck directly."  Petitioner's Motion for a Decision Dismissing Her Petition, filed July 3, 2020, at ¶ 3 (ECF No. 59).  Petitioner states that she understands that a decision by the Special Master will result in a judgment against her, and that she has been advised that such judgment will end all of her rights under the Vaccine Act.  Id. at ¶ 4.  Petitioner states that she intends to protect her right to file a civil action and to elect to reject the Vaccine Program judgment to file a civil action.  Id.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination.  See §§ 13(a)(1)(A) and 11(c)(1).  The records submitted by petitioner show that she does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation.  The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program."  Black v. Sec'y of Health & Human Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation.  **Thus, this case is dismissed.  The Clerk shall enter judgment accordingly.**

      **IT IS SO ORDERED.**

                                                  **s/Nora Beth Dorsey**
                                                  Nora Beth Dorsey
                                                  Special Master